**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roberto GONZALEZ,
Defendant–Appellant.**

No. 89–50131.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1989.

Decided March 7, 1990.

---

as applied, the Guidelines are unconstitutional. We affirm.

Gonzalez was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846. At the sentencing hearing, Gonzalez requested that the court reduce his base offense level under the Guidelines by two points in recognition of his "acceptance of responsibility." The trial court denied the request.

■ Whether or not a defendant has accepted responsibility for his crime is a factual determination. We agree with the other circuits which have decided to apply the "clearly erroneous" standard to such questions. *See United States v. Barrett,* 890 F.2d 855, 868–69 (6th Cir.1989); *United States v. Ortiz,* 878 F.2d 125, 128 (3d Cir. 1989); *United States v. Zayas,* 876 F.2d 1057, 1060 (1st Cir.1989); *United States v. White,* 875 F.2d 427, 431 (4th Cir.1989); *United States v. Nunley,* 873 F.2d 182, 187 (8th Cir.1989); *United States v. Thomas,* 870 F.2d 174, 176 (5th Cir.1989); *United States v. Spraggins,* 868 F.2d 1541, 1543 (11th Cir.1989) (per curiam). Those decisions are informed by the Commentary to § 3E1.1, which states: "The sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless without foundation." In addition, we note that Congress has spoken specifically on the issue of the applicable standard of review. *See* 18 U.S.C. § 3742(e) (1988) ("The court of appeals ... shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.")

Gonzalez's fifth and sixth amendment challenges to Guidelines' Section 3E1.1 raise questions of law.

### A. *Sixth Amendment Claim*

■ Gonzalez claims that the two-point reduction for acceptance of responsibility under Section 3E1.1 effectively has been made available only to defendants who plead guilty. Therefore, he argues, defendants who choose to go to trial are penal-

Kenneth D. Noel, San Diego, Cal., for defendant-appellant.

Patrick O'Toole, Asst. U.S. Atty., argued; Randy K. Jones, Asst. U.S. Atty., on the brief; San Diego, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.

GOODWIN, Chief Judge:

Roberto Gonzalez appeals his sentence of seventy months in custody and four years of suspended release, contending that the trial court misapplied the Federal Sentencing Guidelines ("the Guidelines") and that,

ized for exercising their rights under the sixth amendment. It is settled in this and other circuits that "[a]n accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial." *United States v. Carter*, 804 F.2d 508, 513 (9th Cir.1986), *citing United States v. Medina–Cervantes*, 690 F.2d 715, 716 (9th Cir.1982). However, we have also maintained that "[p]lea bargaining is an approved method of encouraging guilty pleas by offering a defendant 'the certainty of a lesser punishment or the possibility of a more severe punishment.' " *Id.* (quoting *Frank v. Blackburn*, 646 F.2d 873, 878 (5th Cir.1980) (en banc), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); *see also Brady v. United States*, 397 U.S. 742, 753, 90 S.Ct. 1463, 1471–72, 25 L.Ed.2d 747 (1970) (Constitution does not preclude government from bargaining for a guilty plea in exchange for a reduced sentence).

Section 3E1.1 provides for a reduction in sentence if the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his wrongdoing. Section 3E1.1. Contrary to Gonzalez's assertions, 3E1.1 authorizes reductions in sentences of defendants who are tried *as well as* of those who plead guilty.[1] There is in fact no guarantee that a defendant who pleads guilty will receive the two-point reduction. *See* Application Note 3, § 3E1.1. Of course, as the Fifth Circuit pointed out in *Thomas:* "A defendant who maintains her innocence at trial, and then purports to accept responsibility afterward, may have a difficult time persuading the trial judge that her later position is sincere rather than merely convenient." 870 F.2d at 177.

The legal process triggered with the filing of criminal charges presents an accused with a variety of choices. The fact that risks and consequences may differ among the alternatives available is not a ground for assigning constitutional error. Since long before the enactment of the Guidelines, district courts have been permitted to consider a defendant's acceptance of responsibility in making sentencing determinations. *United States v. Henry*, 883 F.2d 1010, 1012 (11th Cir.1989); *see also United States v. Malquist*, 791 F.2d 1399, 1402–03 (9th Cir.)) (court could include defendant's lack of repentance in sentencing calculus), *cert. denied*, 479 U.S. 954, 107 S.Ct. 445, 93 L.Ed.2d 394 (1986).

In denying Gonzalez a sentence reduction for acceptance of responsibility, the district judge stated explicitly that his decision was based upon Gonzalez's conduct at trial, and not upon Gonzalez's choice to exercise his sixth amendment right to go to trial. We agree with the conclusion of the Fifth Circuit considering this issue in *United States v. White*, 869 F.2d 822 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989): "The fact that a more lenient sentence is imposed upon a contrite defendant does not . establish a corollary that those who elect to stand trial are penalized." *Id.* at 826; *see also United States v. Stephenson*, 887 F.2d 57, 62 (5th Cir.1989). No impairment of Gonzalez's sixth amendment rights is apparent from the facts of this case.

■ We also find no error in the district court's application of section 3E1.1. Gonzalez admits that his strategy at trial was to protest his innocence steadfastly: He states in his brief that he "never once swayed from this conviction and even told the probation officer that he was not involved." In addition he acknowledges that he "never showed any contrition except to 'beg for the opportunity to prove that I'm a good man.' " Yet he complains that the denial of the two-point reduction was unjust because his acceptance of responsibility was fully manifested in his "appearing for sentencing, accepting the judgment of the jury and the sentence of the judge, and serving his time." We conclude that the district court's finding that Gonzalez had not accepted responsibility for his crime was not clearly erroneous.

### B. *Fifth Amendment Claim*

■ Gonzalez also contends that Section 3E1.1 chills the exercise of his fifth amend-

---

**1.** According to the terms of 3E1.1(b):

A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

ment right against self-incrimination. He argues that the only way a defendant could receive the two-point reduction for acceptance of responsibility after having gone to trial is to retract his sworn trial testimony, contritely admit guilt, and confess perjury. Under this view Section 3E1.1 is unconstitutional because its practical effect is to encourage confessions to perjury by those who withstand the inducement to plead guilty.

We begin by observing that the reduction provided for in Section 3E1.1 is merely a benefit which may be accorded to a defendant if he is able to make the necessary showing. The possibility of leniency in the statute does not make denial of lenient treatment impermissible where the district court determines that the defendant has failed to exhibit the requisite contrition.

In *Henry* the Eleventh Circuit (so far the only other circuit to rule on this issue) rejected a defendant's fifth amendment challenge to Section 3E1.1, concluding that "[while] Section 3E1.1 may add to the dilemmas facing criminal defendants, ... no good reason exists to believe that 3E1.1 was intended to punish anyone for exercising rights." 883 F.2d at 1011. It cited with approval *United States v. Belgard*, 694 F.Supp. 1488, 1497 (D.Or.1988), in which the court determined that "[t]he Commentary to § 3E1.1 shows that the acceptance of responsibility guideline is not designed for the purpose of inducing involuntary incriminating statements or involuntary guilty pleas." 883 F.2d at 1011.

The *Belgard* court found instead that, in addition to encouraging judicial and law enforcement economy, the Guidelines recognize "societal interest in the reduction of crime, restitution, early withdrawal from criminal activity, ... and the increased potential for rehabilitation among those who feel and show true remorse for anti-social conduct." 694 F.Supp. at 1497. Accordingly the Commentary lists examples of conduct which may manifest acceptance of responsibility other than the tendering of a guilty plea or self-incrimination—and its list is not exhaustive. *Id.* Application Note 2, § 3E1.1, for example, provides that a defendant may manifest sincere contri-

tion despite the exercise of his right to go to trial—as when he goes to trial to assert and preserve issues unrelated to factual guilt (e.g., a constitutional challenge to a statute or its application to his particular circumstances).

Again, Gonzales is correct in noting that it may be more difficult for a defendant who has protested his innocence throughout trial to convince the sentencing judge that he accepts responsibility for his crime without appearing to contradict his previous stance. But that difficulty does not suggest any constitutional infirmity in Section 3E1.1. As the court in *Belgard* pointed out, "[t]he courts of this circuit [the Ninth] have refused to invalidate, as punishment for the exercise of constitutional rights, the practice of imposing stiffer sentences where defendants have not fully accepted responsibility for their actions." 694 F.Supp. at 1497 (citing *Carter*, 804 F.2d at 514–15); *accord United States v. Hull*, 792 F.2d 941, 943 (9th Cir.1986). The pursuit by a defendant of a trial strategy of denying culpability may lower his chances of obtaining the reduction under Section 3E1.1 but these consequences *do* not constitute an infringement of the fifth amendment privilege against self-incrimination.

AFFIRMED.