916 F.2d 717
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lovella Gean SPAULDING, Defendant-Appellant.
 No. 89-50608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1990.*
Decided Oct. 18, 1990.
 Before GOODWIN, Chief Judge, and SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lovella Gean Spaulding appeals her sentence, following conviction based on an Alford[1] guilty plea, to one count of a drug conspiracy under 21 U.S.C. Sec. 846 (1988). Spaulding contends that the district court erred in denying her a downward adjustment of her base offense level for the acceptance of responsibility and limited role in the offense. We affirm.
 
 
 3
 Whether a defendant has accepted responsibility for an offense or was a minor or minimal participant in that offense are both factual determinations which are subject to the clearly erroneous standard of review. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990) (acceptance of responsibility); United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989) (minor or minimal participant). The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 4
 The district court made specific factual determinations which were amply supported in the record that (1) Spaulding did not accept responsibility for her role in the offense, and (2) she was not merely a minor participant in the offense. See United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990) (district court refusal to grant downward adjustment for acceptance of responsibility upheld because defendant in state of denial as to reasons for participation in crime); United States v. Sanchez, 908 F.2d 1443, 1448-50 (9th Cir.1990) (no downward adjustment for minor participant status when defendant more than a mere courier in trafficking or narcotics); United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990) (sentencing judge's determination as to acceptance of responsibility will not be disturbed unless it is "without foundation"). Therefore, the district court's denial of the downward adjustments for acceptance of responsibility and minor role in the offense was not clearly erroneous. See Gonzalez, 897 F.2d at 1020; Sanchez-Lopez, 879 F.2d at 556-58.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), a defendant may "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if [she] is unwilling or unable to admit [her] participation in the acts constituting the crime." Alford, 400 U.S. at 37. Such a plea is accepted by the court on the factual basis offered by the government. Id. at 38. See also, United States v. O'Brien, 601 F.2d 1067, 1069-1070 (9th Cir.1979)