988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco POZO-APARICIO, aka Francisco Pozo Aparicio,
Defendant-Appellant.
 No. 91-50867.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0669-HLH; Harry L. Hupp, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Pozo-Aparicio pleaded guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988). He had delivered 34.5 kilograms of cocaine to an undercover agent. The district court imposed a 151-month sentence. Pozo-Aparicio appeals his sentence. He contends he was entitled to downward adjustments in his sentence for acceptance of responsibility and for minor or minimal participation in the offense. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 ACCEPTANCE OF RESPONSIBILITY
 
 3
 Pozo-Aparicio contends he is entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. In support of this contention, he points to his prompt guilty plea and his statement to the court admitting he knew he delivered cocaine to the undercover agent.
 
 
 4
 Pozo-Aparicio subsequently told the probation officer, however, that he had delivered the suitcase and box without knowledge that they contained cocaine. He added he was to be paid $2,000 by a friend he had just seen for the first time in eleven years. The district court determined these statements reflected a lack of acceptance of responsibility, and refused to grant a downward adjustment in the offense level.
 
 
 5
 " 'Whether or not a defendant has accepted responsibility for his crime is a factual determination' subject to the clearly erroneous standard of review." United States v. Sanchez, 908 F.2d 1443, 1450 (9th Cir.1990) (quoting United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990)). The probation officer quotes Pozo-Aparicio as saying he "never imagined" that he was to deliver narcotics. Presentence report at 4. The district court did not commit clear error in finding that Pozo-Aparicio had not accepted responsibility for his crime.
 
 MINOR OR MINIMAL PARTICIPANT
 
 6
 Pozo-Aparicio contends he had a minimal role in the cocaine transaction compared to an individual called "the doctor," who was the organizer. The district court determined that Pozo-Aparicio's participation was neither minor nor minimal under U.S.S.G. § 3B1.2.
 
 
 7
 "We review a trial court's determination that a defendant is not a minor or minimal participant for clear error." United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). "The defendant must prove his status as a minor participant by a preponderance of the evidence." Sanchez, 908 F.2d at 1449.
 
 
 8
 The district court determined that Pozo-Aparicio had full control of 34.5 kilograms of cocaine, arranged the time for delivery, and made the delivery. These facts indicated a degree of trust in Pozo-Aparicio which belied his claim of a minor role. Pozo-Aparicio's statements to the probation officer regarding his role in the offense do not undermine these findings. The court's denial of a downward adjustment for minor or minimal participant status was not clearly erroneous.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3