995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Arnold STEWART, Defendant-Appellant.
 No. 92-10687.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Arnold Stewart appeals the sentence of 105 months' imprisonment, imposed under the United States Sentencing Guidelines (Guidelines), following his conviction by guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Stewart claims the district court erred by refusing to grant him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 U.S.S.G. § 3E1.1(a) "provides for a reduction in sentence if the defendant 'clearly demonstrates a recognition and affirmative acceptance of personal responsibility' for his wrongdoing." United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990) (citing U.S.S.G. § 3E1.1). A defendant who pleads guilty is not automatically entitled to this adjustment. U.S.S.G. § 3E1.1, comment. (n. 3); see United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). We will not disturb a district court's determination whether a defendant has accepted responsibility unless it is without foundation. Id.
 
 
 4
 Here, shortly after his arrest, Stewart made a full confession to the FBI regarding his involvement in two bank robberies. He identified the clothing he wore during the robberies and identified himself as the person shown in several surveillance photographs. Finally, in accordance with an agreement with the government, Stewart pleaded guilty to one count well before he was scheduled to go to trial. The probation officer concluded, in light of all this, that Stewart deserved credit for acceptance of responsibility.
 
 
 5
 Between the change of plea hearing and the sentencing hearing, prison authorities seized a letter Stewart sent to a fellow inmate. In it, he wrote:
 
 
 6
 Check this out, got another bank robber in here, but this guy's the real deal! He goes in with gun's [sic] drawn, make's [sic] the people lay on the floor, the whole nine yards! Needless to say, I'm drilling him for all kinds of information! I want to learn all I can, just because I'm in jail, doesn't mean that I'm going to stop! No way! Back in the 30's, they asked John Dillinger why he robbed banks, he told them "Cause that's where the money is!" Can't argue with logic! I'm going to stay in contact with this guy, just maybe we'll do a little work together!! He was telling me that he clears an average of ten to twenty thousand a shot! Now that's my kind of money! I could do a few and retire!
 
 
 7
 In light of this passage in the letter, the probation officer rescinded her recommendation of a downward adjustment for acceptance or responsibility. Stewart apologized at his sentencing hearing and assured the judge that the letter did not reflect his true feelings, explaining that he was "just trying to impress a girl." Nonetheless, the district court declined to give Stewart credit for acceptance of responsibility, and sentenced him near the high end of the Guidelines range.
 
 
 8
 We discern no clear error in the district court's observation that "Mr. Stewart makes the best deal he can for himself when he gets caught" and its conclusion that Stewart's show of remorse was merely expedient. In light of Stewart's long history of prior crimes and the sentiments expressed in his letter, the district court's determination that Stewart did not accept responsibility was well founded. See Smith, 905 F.2d at 1301.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3