5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Antonio FLORES, Defendant-Appellant.
 No. 91-50549.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Antonio Flores appeals his sentence, following a jury trial, for armed bank robbery and carrying a firearm during a crime of violence in violation of 18 U.S.C. Secs. 2113(a) and (d), 924(c)(1), respectively. Flores contends that the district court erred by denying a reduction in his offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error the district court's determination that Flores did not accept responsibility. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam).
 
 
 4
 "If there is insufficient evidence to establish acceptance of responsibility, denial of a reduction is appropriate." United States v. LaPierre, No. 92-10321, slip op. 7237, 7252 (9th Cir. July 12, 1993). Although conviction by trial does not preclude a defendant from a reduction, the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements to guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1, comment. (n. 2); see United States v. Molina, 934 F.2d 1440, 1451 n. 13 and accompanying text (9th Cir.1991). In "rare situations," a defendant may go to trial to "assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)" and still demonstrate acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n. 2).
 
 
 5
 Here, Flores confessed to the instant offenses after his arrest but succesfully moved to suppress the confession before trial. Flores also admitted his criminal actions and expressed remorse in a pretrial letter to his attorney, but the letter was not revealed until after his conviction. Following his conviction, Flores cooperated with the probation officer and expressed remorse to the probation officer and the court. Flores alleged that his purpose in going to trial was not to deny guilt, but rather to preserve his right to challenge the denial of a suppression motion related to the search of his house. The district court denied Flores's request for a reduction based upon the lack of evidence of acceptance of responsibility.
 
 
 6
 Flores contends a reduction for acceptance of responsibility was warranted based upon his pretrial confession and letter and his postconviction cooperation with the probation officer and expressions of remorse. Flores also contends the sentencing court erred by failing to consider his postconviction expressions of remorse.
 
 
 7
 Flores could have entered a conditional guilty plea to preserve the issue of the suppression motion for appeal, but instead he chose to put the government to its burden of proof at trial by not admitting the essential factual elements of guilt. U.S.S.G. Sec. 3E1.1, comment. (n. 2). The sentencing court stated explicitly that its decision to deny the reduction was based upon the lack of evidence of acceptance, and not upon Flores' choice to exercise his constitutional right to a trial. See United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990) (denial of reduction proper where sentencing court stated explicitly that it was based upon defendant's conduct at trial rather than his choice to exercise his right to go to trial). The court was free to discount Flores's belated expressions of remorse following his conviction. See U.S.S.G. Sec. 3E1.1, comment. (n. 1(g)); United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). We conclude that the sentencing court's finding that Flores had not accepted responsibility for his crimes was not clearly erroneous. See id. at 710-11 (sentencing court properly denied reduction where defendant put government to its burden of proof at trial and expressed remorse only after he was convicted).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government's motion to strike a portion of the excerpt of record is denied