8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Lee PHILLIPS, Defendant-Appellant.
 No. 93-30050.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lee Phillips appeals his sentence imposed under the Sentencing Guidelines, following his guilty plea to assault resulting in serious bodily injury. He contends that the district court erred by (1) refusing to grant a downward adjustment of his offense level for acceptance of responsibility and (2) finding that the victim was "vulnerable." We reject his contentions and affirm.
 
 1. Acceptance of Responsibility
 
 3
 The Sentencing Guidelines provide for a two-level reduction if the defendant clearly demonstrates acceptance of responsibility for the offense. U.S.S.G. § 3E1.1(a) (1992). A defendant who pleads guilty does not automatically receive the two level reduction. Id. at comment. (n. 3); United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). We review for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 4
 According to the victim, she was a passenger in Phillips' car and asked to be taken home after their conversation turned sexual in nature. Phillips let her out of the car and after she walked a few yards, his car hit her from behind and she slid across the pavement. She got up and ran toward a fence. Phillips drove off the road and ran over the top of her and then backed up and ran over her again before the car got stuck. The victim suffered a dislocated hip, large lacerations and bruises.
 
 
 5
 Phillips' version of the events is quite different. He denies making any sexual advances. He said that he was intoxicated and claims that the victim left the car because they argued over his driving. He asserts that before she left the car she hit him on his humped back which caused him great pain and all he "could think of was getting even." Phillips contends that he has demonstrated acceptance of responsibility by admitting that he ran over the victim one time. He denies running her over more than once and claims that there was no corroborating evidence of the victim's story, noting that there were no tire tracks in the area where the victim claims she was run over or any marks on her body that indicated she was run over.
 
 
 6
 Because the sentencing judge is "in a unique position to evaluate a defendant's acceptance of responsibility," that determination is "entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5). The doctor who treated the victim said that the victim told him that she had been run over twice by a vehicle. He described the wounds on her knees as "very ugly" with rocks and debris ground deeply into the wounds. He thought that the severity of the wounds was caused by a great deal of force and being knocked onto the ground or pavement. The doctor said that "[a]lthough [the] examination did not disclose any broken bones other than the dislocated hip, nor any evidence of tire tracks on her legs, this did not necessarily mean that she had not been run over by a vehicle as she states." The doctor said that it was entirely possible to be run over as the victim described and not receive any injuries.
 
 
 7
 Phillips bears the burden of proving, by a preponderance of the evidence, that he has accepted responsibility. See United States v. Howard, 894 F.2d 1085, 1090 & n. 4 (9th Cir.1990). The sentencing judge was entitled to question Phillips' "self-serving" statements that minimized his involvement. See United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992); Ramos, 923 F.2d at 1360. We conclude that it was not clear error for the district court to deny the reduction on the basis of such a limited acceptance of responsibility.
 
 2. Vulnerable Victim
 
 8
 Phillips contends that the district court erred in increasing his base offense level upward because the crime involved a "vulnerable victim." U.S.S.G. § 3A1.1 provides for a two-level enhancement if "the defendant knew or should have known ... that a victim of the crime was otherwise particularly susceptible to the criminal conduct." The sentencing court considers the victim's characteristics, reaction to the conduct, and the circumstances surrounding the criminal act to determine whether the defendant could reasonably have anticipated the victim's reaction. United States v. Peters, 962 F.2d 1410, 1417 (9th Cir.1992). We review the district court's findings regarding the susceptibility of the victim for clear error. Id. at 1416.
 
 
 9
 The probation officer recommended a victim-related adjustment because Phillips "knew or should have known that the victim was particularly vulnerable as a pedestrian when he ran over her initially and several times thereafter." Phillips contends that the victim in this case was no more vulnerable than any other victim of a vehicular assault. He compares his case to the example in application note 1: "Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank." U.S.S.G. § 3A1.1, comment. (n. 1). Once again, Phillips disputes the victim's statement that there were repeated attempts to run her over.
 
 
 10
 We noted previously that there is evidence to support a finding that there were repeated attempts to run over the victim. Even if we assume that the victim was not unusually vulnerable when Phillips hit her with his car the first time, she was unusually vulnerable after that when she was disabled and attempted to crawl to safety. We conclude that the district court's decision to apply the vulnerable victim adjustment under section 3A1.1 was not clearly erroneous.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3