8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Robert ABERNATHY, Defendant-Appellant.
 No. 93-30107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 6, 1993.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Robert Abernathy appeals the 24-month sentence, imposed following his guilty plea to falsely making counterfeit obligations of the United States in violation of 18 U.S.C. § 471. Abernathy argues the district court erred by refusing to grant him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Section 3E1.1(a) provides for a reduction in sentence if the defendant 'clearly demonstrates a recognition and affirmative acceptance of personal responsibility' for his wrongdoing." United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990) (quoting U.S.S.G. § 3E1.1). A defendant who pleads guilty is not automatically entitled to this adjustment. U.S.S.G. § 3E1.1, comment. (n. 3); see United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). "Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the district court's determination is entitled to great deference on review." United States v. Ford, 989 F.2d 347, 352 (9th Cir.1993) (citing U.S.S.G. § 3E1.1 application note 5 (1991)).
 
 
 4
 Abernathy was arrested on July 7, 1992 in Ripon, California, nine months after a warrant for his arrest was issued in Washington state. Abernathy told the officers who arrested him that he had been eluding the Secret Service. Abernathy admitted that he had printed counterfeit currency, but explained that he had been coerced into doing so by a drug dealer to whom he owed money. He also claimed to have printed all of the counterfeit notes authorities found in his former apartment in less than one hour on October 14, 1991, and denied having ever passed any of it.
 
 
 5
 In the investigation that followed, the Secret Service learned that notes Abernathy printed had been passed in the Seattle area as early as September 26, 1991. Three eyewitnesses also identified Abernathy as having passed counterfeit notes. When he was confronted with this evidence, Abernathy pleaded guilty. On his attorney's advice, he failed to appear at two scheduled presentence interviews. In October 1992, however, he voluntarily met with Secret Service agents and described how he had printed the counterfeit notes, the people to whom he had passed them, and the circumstances of his leaving Seattle and going to Oregon before his arrest. He also told the Secret Service agents everything he knew about counterfeiting activity in Portland, Oregon. Before he was sentenced, Abernathy submitted a three-paragraph, unsigned statement to the district court in which he admitted that he had committed the current offense.
 
 
 6
 Although the government recommended a downward adjustment for acceptance of responsibility, the district court declined to grant it. The district court reasoned that "the defendant did not truthfully make a complete statement to the Secret Service when he [was arrested and] ... he failed to meet for whatever reason with probation on two different occasions." The district court imposed a sentence at the bottom of the applicable Guidelines range.
 
 
 7
 In light of Abernathy's initial attempt to downplay his conduct by projecting the blame on others, we discern no clear error in the district court's conclusion that Abernathy did not accept responsibility for his crime. See Ford, 989 F.2d at 353.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3