33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Garfield ROANE, Defendant-Appellant.
 No. 93-50739.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Garfield Roane appeals his 95-month sentence imposed following a bench trial for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) & (d). Roane contends the district court erred by granting him only a two-level, and not a three-level reduction for acceptance of responsibility in his United States Sentencing Guidelines offense level. We have jurisdiction under 21 U.S.C. Sec. 1291 and affirm.
 
 
 3
 As a preliminary matter, the government argues that Roane waived his right to challenge the district court's denial of the extra one-level adjustment by failing to request such an adjustment before the district court. We agree with the government and conclude that Roane has waived this issue by failing to raise it first to the district court.
 
 
 4
 A defendant may not raise on appeal a claim for reduction in his offense level under the Guidelines where he failed to raise the issue before the district court. See United States v. Parker, 991 F.2d 1493, 1501 (9th Cir.) (failure to request reduction for minimal participation), cert. denied, 114 S.Ct. 121 (1993); United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.) (argument regarding application of Guidelines is waived if not raised in the district court), cert. denied, 113 S.Ct. 234 (1992).
 
 
 5
 In his reply, Roane raises the novel argument that because adjustments to the Guidelines are mandatory, failure to raise the issue before the district court can never result in waiver of the issue on appeal. The fact that adjustments under the Guidelines are mandatory, however, is irrelevant to our inquiry into whether the issue has been waived.
 
 
 6
 The exceptions are few to the general rule against review on appeal of issues not raised below. We will review such issues only when there are exceptional reasons why the issue was not raised below, when a change in law gives rise to the new issue while the appeal is pending, or when the issue is purely one of law. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). None of these exceptions is present in the instant case. Roane neither points to an exceptional circumstance justifying his failure to raise the issue before the district court nor contends that there was a change in the applicable law while this appeal was pending. Furthermore, it is well-established that "[w]hether or not a defendant has accepted responsibility for his crime is a factual determination." United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990); see also United States v. McClain, No. 93-10338, slip op. 8289, 8291, 8293 (9th Cir. Jul. 26, 1994) (determination whether defendant's acceptance of responsibility sufficiently timely to merit additional downward adjustment under section 3E1.1(b)(2) is factual question reviewed for clear error).
 
 
 7
 Therefore, we decline to address this issue for the first time on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3