43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Gualberto SANCHEZ, Defendant-Appellant.
 No. 93-50379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Gualberto Sanchez appeals his 235-month sentence imposed following a jury trial in which he was convicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. Sec. 846 and possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Sanchez contends the district court erred in finding that his role in the offenses was minor, and not minimal, because the court compared his conduct to that of an "average mule," rather than to the conduct of his co-participants. Sanchez also argues the district court erred in finding he failed to accept responsibility for his offenses. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Minimal or Minor Participant
 
 3
 Whether a defendant is a minimal or minor participant in a criminal activity is an issue of fact reviewed for clear error. United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991). The defendant has the burden of proving that he is entitled to a downward adjustment as a minimal or minor participant by a preponderance of the evidence. United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990).
 
 
 4
 The Sentencing Guidelines provide for a downward adjustment of four levels for a minimal participant or two levels for a minor participant in any criminal activity. U.S.S.G. Sec. 3B1.2(a), (b). A minimal participant is "plainly among the least culpable of those involved in the conduct of a group," and a minor participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment. (n. 1, 3). The downward adjustment for a minimal participant is intended to be used infrequently and only in exceptional circumstances. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994); U.S.S.G. Sec. 3B1.2, comment. (n. 2). The mere fact that a defendant is a drug courier does not make him/her a minimal or minor participant. Davis, 36 F.3d, at 1436.
 
 
 5
 Here, Sanchez was arrested when he attempted to deliver 30 pounds of methamphetamine to an informant. Sanchez was recorded telling the informant that "the 30 are here," suggesting that he was aware that a drug transaction was taking place. Contrary to Sanchez's contention, the district court compared his conduct to that of his co-participants, noting that there was no evidence he structured the transaction or that the drugs were his, and finding his role in the offense was that of a minor participant. See United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994) (relevant comparison is that between the defendant's conduct and that of his co-participants).
 
 
 6
 However, because Sanchez was entrusted with delivering 30 pounds of 95 percent pure methamphetamine with a street value of over $1,000,000, and was entrusted with picking up $165,000 in cash for the drugs, the district court properly found that he was not a minimal participant under Sec. 3B1.2(a). See Davis, 36 F.3d at 1437 (courier entrusted with responsibility not entitled to downward adjustment). Furthermore, possession of 30 pounds of high purity methamphetamine is a significant quantity of drugs and can be grounds for denial of consideration as a minimal participant. See United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (possession of substantial amount of drugs is grounds for denied sentence reduction).
 
 
 7
 Sanchez argues the district court's determination that he was more than an "average mule" was clearly erroneous. However, regardless of whether Sanchez was an "average mule" or a "mule" entrusted with responsibility, the "fact that he acted as a drug courier does not mean his role was minimal or minor." See Davis, 36 F.3d at 1436. Thus, the district court did not clearly err in finding that Sanchez was entitled only to a two-level downward adjustment as a minor participant pursuant to Sec. 3B1.2(b). See Flores-Payon, 942 F.2d at 560.
 
 II. Acceptance of Responsibility
 
 8
 Sanchez contends the district court improperly denied him an acceptance of responsibility reduction because he professed his innocence during the jury trial, testifying he had no knowledge of the drug transaction that occurred. He argues the district court considered only the conflict between his testimony at trial and the jury verdict in denying the Sec. 3E1.1(a) reduction. He asserts the court failed to consider his post-trial remorse and conduct, and thus, punished him for exercising his constitutional right to a jury trial.
 
 
 9
 Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 10
 The Sentencing Guidelines provide, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. Sec. 3E1.1(a). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1, comment. (n. 2). In determining whether a defendant has accepted responsibility, "a sentencing court cannot consider against a defendant any constitutionally protected conduct." United States v. Watt, 910 F.2d 587, 592 (9th Cir.1990). However, "[a] defendant who maintains her innocence at trial, and then purports to accept responsibility afterward, may have a difficult time persuading the trial judge that her later position is sincere rather than merely convenient." Sanchez, 908 F.2d at 1451.
 
 
 11
 Sanchez steadfastly denied knowledge of the drug transaction both during trial and at sentencing. The district court specifically noted that its reason for denying an acceptance of responsibility reduction was Sanchez's refusal to admit his knowledge of the drug transaction, in spite of overwhelming evidence to the contrary. Hence, the district court did not punish Sanchez for merely exercising his right to a jury trial. We have held that a trial defense that attempted to persuade the jury of the defendant's lack of knowledge about the crime, coupled with persistent claims of being a mere courier, was an attempt to understate the role in the offense and did not demonstrate sincere contrition. Sanchez, 908 F.2d at 1451; see also United States v. Lindholm, 24 F.3d 1078, 1087 (9th Cir.1994). In fact, Sanchez refused even to admit his role as a drug courier, opting instead to profess his acceptance of the jury's verdict while expressing post-trial remorse. Accordingly, the district court did not clearly err in denying Sanchez a Sec. 3E1.1 reduction. See U.S.S.G. Sec. 3E1.1, comment. (n. 2); Gonzalez, 897 F.2d at 1019.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3