76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard TERFLINGER, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 No. 94-16667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 24, 1996.
 
 1
 Before: ALDISERT, SCHROEDER, and TROTT, Circuit Judges**.
 
 
 2
 MEMORANDUM***
 
 
 3
 We affirm the decision to grant summary judgment in favor of the defendants.
 
 
 4
 * Mr. Terflinger argues that Folsom prison authorities violated his due process rights by: 1) failing to give him proper notice of the charges against him before his April 6, 1979 ICC hearing that reviewed his placement into administrative segregation, 2) relying on information proven to be false as justification for this placement, and 3) failing to assign an investigative employee to research Terflinger's case before placing him in administrative segregation. Terflinger, however, has apparently failed to name any Folsom prison employees as defendants or show how the numerous defendants he has named might be responsible for any of these actions. These claims are not before this court.
 
 
 5
 Terflinger argues that California violated its own administrative procedure act by failing to follow proper procedures before adopting its gang "debriefing" policy. Insofar as Terflinger is attempting to state a state law claim, it did not appear in his complaint, and the magistrate judge did not rule on it. It is therefore not before this court. This argument also fails as a federal claim because Sandin v. Conner, 115 S.Ct. 2293 (1995), makes amply clear that a prisoner has no state-created liberty interest in a state obeying its own APA.
 
 
 6
 Terflinger's Eighth Amendment claim also fails. Prisons must provide inmates with adequate food, clothing, shelter, sanitation, medical care, and personal safety. Hoptowit v. Ray, 682 F.2d 1237, 1246 (citing Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir.1981). "There is no Eighth Amendment violation if each of these basic needs is separately met." Id. at 1246-47. Terflinger makes general allegations that conditions in administrative segregation violate some of these requirements, but he cites no evidence for these allegations.
 
 II
 
 7
 The prison authorities' gang debriefing policy does not punish Terflinger for exercising his right against self-incrimination. His situation is analogous to that of the defendant in United States v. Gonzalez, 897 F.2d 1018 (9th Cir.1990). In that case, Gonzalez claimed that U.S.S.G. § 3E1.1 on acceptance of responsibility chilled the exercise of his right against self-incrimination. He contended that the only way for a defendant who has protested innocence at trial to obtain a reduction for acceptance of responsibility at sentencing would be to confess to guilt of the original crime and thus perjury at the trial--incriminating himself for further prosecution. This court rejected that argument, stating:
 
 
 8
 We begin by observing that the reduction provided for in Section 3E1.1 is merely a benefit which may be accorded to a defendant if he is able to make the necessary showing. The possibility of leniency in the statute does not make denial of lenient treatment impermissible where the district court determines that the defendant has failed to exhibit the requisite contrition.
 
 
 9
 Id. at 1020.
 
 
 10
 Similarly, Terflinger has the option to make himself suitable for more lenient treatment by showing that he has ended his gang involvement by debriefing. Denial of this lenient treatment does not "punish" him for refusing to talk. Instead, it merely recognizes that, by not talking, Terflinger has shown himself to be a continued threat to prison security and thus appropriately confined to SHU. See Asherman v. Meachum, 957 F.2d 978 (2d Cir.1992) (en banc) (holding that public agencies do not violate the right against self-incrimination when they "ask questions relevant to their public responsibilities and ... take adverse action against those whose refusal to answer impedes the discharge of those responsibilities.").
 
 III
 
 11
 Prison authorities have not violated Terflinger's due process rights by using false information to place and keep him in administrative segregation. As a threshold matter, it is not clear that Terflinger has any post-Sandin liberty interest in avoiding segregation. Even if this interest exists, however, prison authorities do not bear a high evidentiary burden when seeking to segregate a prisoner, "the due process clause requires only the existence of 'some evidence' in support of [a] prison administrator's segregation decision." Toussaint v. McCarthy, 801 F.2d 1080, 1104 (9th Cir.1986) (citing Superintendent v. Hill, 472 U.S. 445 (1985)), cert. denied, 481 U.S. 1069 (1987). In this appeal, Terflinger does nothing to undermine the magistrate judge's conclusion that "there is a great deal more than 'some evidence' to support defendants' judgment that plaintiff is a threat to the security of the prisons where he is confined by virtue of his activity as a member of the Aryan Brotherhood prison gang and his participation in criminal activity."
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3