116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo VELASCO-FLORES, Defendant-Appellant.
 No. 96-50461.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-96-00218-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arturo Velasco-Flores appeals his 100-month sentence following a jury conviction for illegal reentry by a deported alien in violation of 8 U.S.C. § 1326(a), (b)(1) and (b)(2). Velasco-Flores contends that the district court erred by (1) denying him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (2) denying a downward departure pursuant to either §§ 5K2.11 or 5K2.12 based on his claims that he was coerced into entering the country and that he entered the country in order to avoid greater harm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Velasco-Flores contends that he is entitled to a two-level reduction for acceptance of responsibility because he admitted his entry into the United States was without permission and he admitted his past criminal history.
 
 
 4
 We review for clear error the district court's determination to grant or deny the defendant an acceptance of responsibility reduction. See United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 5
 The Guidelines provide a two-level reduction "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct ..." U.S.S.G. § 3E1.1, comment (n.2). Although a defendant is not required to plead guilty to obtain the reduction, he has not accepted responsibility when he contests factual guilt. See United States v. Barron-Rivera, 922 F.2d 549, 552-53 (9th Cir.1991).
 
 
 6
 Here, Velasco-Flores initially admitted to the arresting Border Patrol agent that he was a citizen and national of Mexico and that he entered the country without permission. However, Velasco-Flores proceeded to trial to contest his guilt by explaining that he only reentered the United States to escape an assailant. Thus, Velasco-Flores did not accept responsibility for his criminal conduct. See id. Therefore, the district court's decision to deny a reduction is not clearly erroneous. See id.
 
 
 7
 Velasco-Flores next contends that the district court erred by failing to grant him a downward departure for either coercion and duress or lesser harms. We review a district court's refusal to depart downward only if the court concluded that it did not have the discretion to depart as a matter of law. See United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995). Here, there is no indication in the record that the district court believed it lacked authority to depart. Therefore, the discretionary refusal is not reviewable on appeal. See id.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3