**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Sergio ALFARO–ROJAS, Defendant—
Appellant.**

**No. 00–10044.
D.C. No. CR–99–05135–1–AWI.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Sergio Alfaro–Rojas appeals from his 108–month sentence for illegal reentry after deportation, in violation of 8 U.S.C.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

■ Alfaro–Rojas first contends that he should have received a three-level reduction in his sentence for acceptance of responsibility, pursuant to USSG § 3E1.1(a) and (b), based upon his initial confession and limited defense at trial. We review this contention for clear error, giving deference to the sentencing judge's finding. *United States v. Gonzalez,* 897 F.2d 1018, 1019 (9th Cir.1990). This contention fails.

The district court properly found that Alfaro–Rojas did not demonstrate acceptance of responsibility. He pleaded not guilty, attacked the validity of his confession, refused to discuss his case with the probation officer, and made no statement of contrition at sentencing. *See United States v. Innie,* 7 F.3d 840, 848 (9th Cir. 1993). Because Alfaro–Rojas did not qualify for the two-level adjustment under USSG § 3E1.1(a), he was ineligible for the third point. *See* USSG § 3E1.1(b).

■ Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Alfaro–Rojas next contends that because his prior convictions were not alleged in the indictment or proved to the jury, they cannot be used to increase his sentence beyond the two year maximum specified in 8 U.S.C. § 1326(a). This argument is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411–15 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.