**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30268 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00041-RSL-1 |
| v. | |
| RICHARD ALLEN FABEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted April 6, 2010
Seattle, Washington

Before: HAWKINS, LUCERO[**] and N.R. SMITH, Circuit Judges.

Richard Fabel appeals the sentence imposed by the district court on the

grounds that the court (1) committed significant procedural error by considering

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

improper evidence during its 18 U.S.C. § 3553(a) analysis; and (2) imposed a substantively unreasonable sentence. We affirm.

Fabel was convicted under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), for crimes in which he engaged, while he was the president and spokesman of the "Washington Nomads," a chapter of the Hells Angels Motorcycle Club. The jury found that Fabel conducted the affairs of the Nomads through a "pattern" of racketeering activity—meaning Fabel committed at least two related predicate "racketeering acts," in violation of 18 U.S.C. § 1962(c).

1. The district court did not rely on an improper factor during its 18 U.S.C. § 3553(a) analysis, and thus did not commit significant procedural error. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The court was entitled to consider whether Fabel accepted responsibility for his connection with the criminal activity occurring in the Nomads, because that club was found to be a criminal organization of which Fabel was a member. *See* 18 U.S.C. § 3661.

Fabel contests the court's consideration of his lack of responsibility on numerous grounds, each of which fails.

a. The § 3553(a) analysis acts as a separate guide for determining a proper sentence. *Carty*, 520 F.3d at 991–93. As such, the Guidelines' consideration of Fabel's lack of acceptance of responsibility does not prohibit the

2

court from further considering such conduct, nor does it bind the sentencing court to the approach outlined in the Guidelines.

b. At sentencing, the court may consider conduct for which Fabel was not convicted. This does not violate Fabel's constitutional right (1) to a trial by jury, *see United States v. Watt*s, 519 U.S. 148, 152 (1997), or (2) to remain silent, *see United States v. Gonzalez*, 897 F.2d 1018, 1021 (9th Cir. 1990).

c. The Guidelines do not violate the statutory mandate set out for the Sentencing Commission in 28 U.S.C. § 994 by allowing the court to consider conduct of which Fabel was acquitted. *United States v. Wong*, 2 F.3d 927, 929 (9th Cir. 1993).

d. The court's enhancement of Fabel's sentence for failure to accept responsibility, on the grounds that the Guidelines did not sufficiently consider such conduct, did not subject Fabel to double-punishment. Fabel's challenge to the length of time imposed by the court is more properly analyzed as an appeal to the substantive reasonableness of the sentence imposed.

2. The district court did not impose a substantively unreasonable sentence, when it sentenced Fabel to a 90-month term of imprisonment instead of a term within the Guidelines range (57–71 months). We do not presume that a sentence outside of the Guidelines range is unreasonable. *Carty*, 520 F.3d at 993. "For a

3

non-Guidelines sentence, we are to 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). However, a term outside the Guidelines range will likely need a more detailed explanation justifying the more lenient or harsh sentence. *Carty*, 520 F.3d at 992. We review the substantive reasonableness of the court's sentence for abuse of discretion, looking to the totality of the circumstances. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009)

The record before us demonstrates the court's careful consideration of the Guidelines range, the mitigating evidence (both pre- and post-conviction), the aggravating evidence, and all of the original and resentencing materials. Based upon all this, the court offered a compelling justification for finding a harsher sentence appropriate. The court found that the Guidelines range did not adequately account for the seriousness of Fabel's criminal activity. Particularly, the court mentioned Fabel's position of power and control over a criminal organization comprised of violent individuals who preyed upon people the group saw as compromised. We cannot find that the district court abused its discretion in imposing the term of imprisonment.

**AFFIRMED.**