**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



JUN 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-462 |
| Plaintiff - Appellee, | D.C. No. 1:21-cr-00106-DKW-1 |
| v. | |
| JAMIL JONES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii

Derrick Kahala Watson, District Judge, Presiding

Submitted June 4, 2025**
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

After a jury trial, Defendant-Appellant Jamil Jones was convicted of
conspiracy and distribution of methamphetamine and heroin. We previously
vacated his 240-month sentence and remanded to the district court based on an
incorrect application of a firearm enhancement. *United States v. Jones*, No. 22-
10287, 2023 WL 7271090, at *3 (9th Cir. Nov. 3, 2023). On remand, the district
court imposed the same below-Guideline sentence of 240 months. Jones again

---

* This disposition is not appropriate for publication and is not precedent except as provided by
Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See*
Fed. R. App. P. 34(a)(2).

appeals from his sentence, arguing that it was substantively unreasonable because the district court violated his Fifth Amendment right against self-incrimination by considering his failure to express remorse or responsibility when sentencing him. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

A defendant who has been found guilty maintains his or her Fifth Amendment privilege during the sentencing phase of a criminal case. *See Estelle v. Smith*, 451 U.S. 454, 462–63 (1981). Accordingly, "[t]he normal rule in a criminal case [] that no negative inference from the defendant's failure to testify is permitted" applies during sentencing. *Mitchell v. United States*, 526 U.S. 314, 327–28 (1999). Jones argues that the district court violated this rule at his sentencing hearing by noting his failure to express remorse or contrition regarding his conduct. However, the rule against adverse inferences does not apply here because Jones did not exercise his right to remain silent at the hearing. Instead, he voluntarily chose to speak.

Jones alternatively argues that § 3E1.1(a) of the Sentencing Guidelines, which provides for a two-level offense reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," is unconstitutional. We have previously held that this provision is consistent with the Fifth Amendment privilege against self-incrimination because it "is merely a benefit which may be accorded to a defendant if he is able to make the necessary showing." *United*

*States v. Gonzalez*, 897 F.2d 1018, 1021 (9th Cir. 1990); *see also United States v. Skillman*, 922 F.2d 1370, 1379 (9th Cir. 1990) ("It would be a strange result if the mere assertion of a Fifth Amendment right to remain silent would be a guarantee that such silence would result in receiving a more lenient sentence."). Because "the district court determine[d] that the defendant [] failed to exhibit the requisite contrition," the court permissibly denied the reduction provided in § 3E1.1(a). *Gonzalez*, 897 F.2d at 1021.

**AFFIRMED.**