81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Santiago CASTILLO-ARVIZU, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan SANCHEZ-CERVANTES, aka Hugo Quirox, Hugo Quiroc, Hugo
Quiroz, Hugo Oquiroz Trejo, and Hugo Quiroz Tapia,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adolfo BRAHMS-GARCIA, aka Jose Quarta, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee.
v.
Enrique CISNEROS-SILVA, aka Kiki, Defendant-Appellant.
 Nos. 93-30424, 93-30425, 93-30426, 93-30429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided April 2, 1996.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Santiago Castillo-Arvizu, Juan Sanchez-Cervantes, Adolfo Brahms-Garcia, and Enrique Cisneros-Silva appeal their jury convictions and sentences for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; aiding and abetting, in violation of 18 U.S.C. § 2; possession with intent to distribute methamphetamine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1) and 860; and illegal reentry into the United States after being deported for aggravated felony convictions, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We have jurisdiction over these timely appeals under 28 U.S.C. § 1291. We affirm their convictions and sentences.
 
 I. BACKGROUND
 
 3
 This case involves four defendants convicted of conspiring to distribute controlled substances and related drug transactions. Castillo-Arvizu, Sanchez-Cervantes, Brahms-Garcia, and Cisneros-Silva were indicted and tried with three other co-defendants. The appeals of those three co-defendants (Randall Wynn, Abel Oliveras-Perez, and Adrian Plasencia-Garcia) were severed and before a prior panel of this Court. The prior panel in an unpublished memorandum decision affirmed those three co-defendants' convictions and sentences.
 
 II. ANALYSIS
 A. OUTRAGEOUS GOVERNMENT CONDUCT
 
 4
 Castillo-Arvizu asserts that the district court erred when it denied his motion to dismiss based on a claim of outrageous government conduct. Specifically, he contends that the government's use of an informant to bail him out of jail in order to allow him to continue to deal drugs constitutes outrageous conduct.
 
 
 5
 A motion to dismiss an indictment based on outrageous government conduct is reviewed de novo. United States v. Manning, 56 F.3d 1188, 1198 (9th Cir.1995). "For a due process dismissal, the Government's conduct must be so grossly shocking and outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). A defendant must meet an extremely high standard. Id.
 
 
 6
 In late 1992, co-defendant Plasencia-Garcia introduced the informant (Polsfuss) and Castillo-Arvizu. Castillo-Arvizu supplied Polsfuss a sample of methamphetamine. Between that date and the time Castillo-Arvizu was placed in jail for Felony Driving While Suspended, Castillo supplied the informant with methamphetamine on three different occasions: November 1992, Christmas 1992, and February 1993. On February 25, 1993, Castillo-Arvizu was arrested by the local police for Felony Driving While Suspended and was taken to jail. Using money from the narcotics detectives, the informant posted $500 to bail Castillo-Arvizu out of jail. On the same day after his release from jail, Castillo-Arvizu supplied the informant with half a pound of methamphetamine for $7,000.
 
 
 7
 While providing bail money to release a defendant may not be desirable, it is not so grossly shocking or outrageous as to violate the universal sense of justice. Furthermore, government agents may target people already engaged in or contemplating criminal activity. See United States v. O'Connor, 737 F.2d 814, 818 (9th Cir.1984), cert. denied, 469 U.S. 1218 (1985) ("This is not a situation where 'government agents engineer and direct the criminal enterprise from start to finish.' " (internal citation omitted)). Castillo-Arvizu has failed to meet the extremely high standard of showing that the government's conduct is outrageous. The district court did not err when it denied his motion to dismiss based on a claim of outrageous government conduct.
 
 B. SUPPRESSION
 
 8
 Cisneros-Silva and Sanchez-Cervantes assert that the district court erred when it denied their pretrial motions to suppress. In Cisneros-Silva's suppression motion, he challenged the search of three locations; 1) 79 Lincoln Street, Klamath Falls, OR; 2) 1908 Worden Street, Klamath Falls, OR; and 3) 1081 Joe Wright Road, Klamath Falls, OR. In his suppression motion, Sanchez-Cervantes challenged the search of 1081 Joe Wright Road, Klamath Falls, OR. The district court ruled that the search warrants for all three locations were based on probable cause and that in the alternative, the good faith exception applied.
 
 
 9
 Sanchez-Cervantes appeals the denial of his suppression motion and adopts by reference Cisneros-Silva's argument that the trial court erred in failing to suppress evidence seized from 79 Lincoln Street, 1908 Worden Street, and 1081 Joe Wright Road. Sanchez-Cervantes never filed a motion to suppress evidence seized from 79 Lincoln Street or 1908 Worden Street, nor did he join in on any of his co-defendants' motions to suppress evidence from those two locations.
 
 
 10
 "As a general rule, we will not address issues raised for the first time on appeal." Winebrenner v. United States, 924 F.2d 851, 856 n. 7 (9th Cir.1991). Sanchez-Cervantes has waived issues of the suppression motions for the evidence seized from 79 Lincoln Street and 1908 Worden Street because he did not raise them below. He can only appeal his own suppression motion for 1081 Joe Wright Road.
 
 
 11
 "We review a court's issuance of a search warrant for clear error and will uphold the warrant so long as the court had a 'substantial basis' for concluding that the totality of the circumstances established probable cause." United States v. Williams, 989 F.2d 1061, 1066 (9th Cir.1993). Whether the good faith exception to the exclusionary rule applies in a given case is subject to de novo review. United States v. Hove, 848 F.2d 137, 139 (9th Cir.1988).
 
 1. The Search of 79 Lincoln Street
 
 12
 The doctrine of law of the case holds that courts should generally refuse to reopen questions formerly decided. United States v. Jones, 982 F.2d 380, 383 (9th Cir.1993).
 
 
 13
 Our prior panel found that under the totality of the circumstances, the state court judge did not clearly err by finding that probable cause existed to issue the search warrant for 79 Lincoln Street. In addition, this Court found that even if there were some question as to the sufficiency of the warrant, there can be no doubt that it was at least facially valid and that reliance upon it was objectively reasonable. Pursuant to the doctrine of law of the case, we choose not to reopen this issue. We affirm the district court's denial of Cisneros-Silva's suppression motion for 79 Lincoln Street.
 
 2. The Search of 1908 Worden Street
 
 14
 In reviewing Cisneros-Silva's memorandum in support of his suppression motion and the transcript on oral argument of the suppression motion, we found no evidence offered by Cisneros-Silva to establish standing to challenge the search of 1908 Worden Street. The district court found that Cisneros-Silva did not have standing to challenge that search. The district court's denial of his suppression motion for this location is affirmed.
 
 3. The Search of 1081 Joe Wright Road
 
 15
 a. Cisneros-Silva
 
 
 16
 In reviewing Cisneros-Silva's memorandum in support of his suppression motion and the transcript on the oral argument of the suppression motion, we found no evidence offered by Cisneros-Silva to establish standing at 1081 Joe Wright Road. The district court found that Cisneros-Silva did not have standing to challenge the 1081 Joe Wright Road search. The district court's denial of his suppression motion for this location is affirmed.
 
 
 17
 b. Sanchez-Cervantes
 
 
 18
 Unlike Cisneros-Silva, Sanchez-Cervantes has standing to challenge the search of 1081 Joe Wright Road.
 
 
 19
 To establish probable cause, the facts alleged in an affidavit in support of a search warrant "must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Baldwin, 987 F.2d 1432, 1435 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993).
 
 
 20
 It is reasonable to assume that evidence of drug dealing may be found in the home of a suspected drug dealer. Id. at 1435. In this case, the affidavit in support of the 1081 Joe Wright Road warrant supplied the state court judge with sufficient information to support a conclusion that Sanchez-Cervantes was involved in selling drugs and that he had just moved to 1081 Joe Wright Road with his girlfriend Sandra O'Keefe. Therefore, under the totality of the circumstances, the state court judge did not clearly err by finding that probable cause existed to issue the search warrant.
 
 
 21
 In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court held that evidence may be used in the government's case-in-chief when it is obtained by a police officer acting on authority of a warrant later found to be unsupported by probable cause, provided the officer had an objective good faith belief that the warrant was valid. Id. at 922. We hold that the warrant is at least facially valid and reliance upon it was objectively reasonable. See id. at 922-24.
 
 
 22
 Second, Sanchez-Cervantes claims that the search warrant did not permit officers to search a barn located on that property. The premises comprised of a single family residence and a barn structure about 40-50 feet from the residence. The driveway from the street to the residence also leads to the barn. There was a well-worn snow-packed pathway between the residence and the structure indicating recent movement from the residence to the barn. A fence surrounding the premises encompassed both the residence and the detached barn. Power lines connected the residence to the barn.
 
 
 23
 The test as to whether a portion of a premise is covered by a search warrant is whether or not the defendant is in control of the whole premises. United States v. Frazin, 780 F.2d 1461, 1467 (9th Cir.1986), cert. denied, 479 U.S. 844 (1986). Given that a fence surrounded the house and the barn, the well-worn pathway, and the power lines, Sanchez-Cervantes was in control of the whole premises and the warrant covered the barn.
 
 
 24
 Therefore, the district court's denial of Sanchez-Cervantes' motion to suppress the evidence from the search of 1081 Joe Wright Road is affirmed.
 
 C. SEVERANCE AND MISJOINDER
 1. Misjoinder
 
 25
 Cisneros-Silva, Brahms-Garcia, and Sanchez-Cervantes argue that Count Eight of the indictment, which charged Sanchez-Cervantes with illegally reentering the United States after being deported for prior drug crimes was misjoined with the other counts of the indictment. Under Fed.R.Crim.P. 8, "joinder of charges against multiple defendants is permissible only if the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.' " United States v. Sanchez-Lopez, 879 F.2d 541, 550 (9th Cir.1989) (quoting Fed.R.Crim.P. 8).
 
 
 26
 This issue was discussed by our previous panel, and it found that the defendants' motions to sever below were based on Fed.R.Crim.P. 14, not on Rule 8. This Court has ruled that a motion for severance based on Rule 14 does not preserve a Rule 8 misjoinder objection for appeal. United States v. Smith, 795 F.2d 841, 850 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987). The prior panel held that a review of the motions filed reveals that defendants' arguments were based solely on Rule 14, and concluded that the Rule 8 issue was not raised below and was waived.
 
 
 27
 Cisneros-Silva mentions Rule 8 in the body of his motion to sever. However, Cisneros-Silva's motion was brought under Rule 14, therefore, he waived the issue of misjoinder under Rule 8. Brahms-Garcia and Sanchez-Cervantes joined in Cisneros-Silva's motion to sever. Since Brahms-Garcia and Sanchez-Cervantes' preservation of this issue is derivative from Cisneros-Silva, they have also waived the issue of misjoinder under Rule 8.
 
 2. Severance
 
 28
 Cisneros-Silva, Castillo-Arvizu, and Brahms-Garcia claim that the district court erred in failing to grant them a Rule 14 severance. Rule 14 provides that a defendant may move to sever co-defendants for trial where joinder of defendants is prejudicial to the defendant.
 
 
 29
 "The district court has wide discretion in ruling on a severance motion." United States v. Vaccaro, 816 F.2d 443, 449 (9th Cir.), cert. denied, 484 U.S. 928 (1987). To satisfy this heavy burden, "an appellant must show that the joint trial was so prejudicial as to require the exercise of the trial court's discretion in only one way: by ordering a separate trial." United States v. Mariscal, 939 F.2d 884 (9th Cir.1991) (citation omitted).
 
 
 30
 The previous panel found that the district court did not abuse its discretion in denying the Rule 14 motion to sever. Pursuant to the doctrine of law of the case, we choose not to reopen this issue and affirm the district court on this issue.
 
 D. SUFFICIENCY OF THE EVIDENCE
 
 31
 Cisneros-Silva, Brahms-Garcia[1], and Sanchez-Cervantes[2] argue that the district court erred when it denied the oral motions by all of the defendants for acquittal. They assert that their convictions on Count One, the conspiracy count, rested on insufficient evidence because the government failed to prove one overall conspiracy. They contend that the government only proved at most that multiple conspiracies existed.
 
 
 32
 For a motion for acquittal, the court must review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994).
 
 
 33
 The prior panel addressed this issue and held that there was ample proof provided by the government that a single conspiracy existed and also that once a conspiracy is shown to exist, evidence of a defendant's slight connection to it is sufficient to convict him of knowing participation in the conspiracy. We do not revisit this issue and affirm the district court's denial of the motions for acquittal.
 
 E. EXCLUSION OF PREVIOUSLY FILED INDICTMENT
 
 34
 Cisneros-Silva argues that the district court erred by excluding the previously filed indictment from evidence. He contends that the previous indictment was a written admission by a party opponent under Federal Rules of Evidence Rule 801(d)(2), and that the indictment was substantive evidence to support his primary theory of defense.
 
 
 35
 A district court's evidentiary rulings during trial are reviewed for an abuse of discretion. Manning, 56 F.3d at 1196. An indictment is not admissible as evidence of the later indictment's infirmity. An indictment is not a pleading of the United States. Therefore, the prior indictment is certainly not an admission by a party opponent and is not admissible as evidence. The district court did not abuse its discretion by excluding the previously filed indictment.
 
 
 36
 F. IMPROPER COMMENTS OF COURT AND PROSECUTOR DURING OPENING STATEMENT AND CLOSING ARGUMENT
 
 
 37
 Brahms-Garcia adopts by reference Wynn's argument that the district court erred when it allowed in certain comments made by the prosecutor, and when it made prejudicial remarks to a defense attorney during the closing argument. Sanchez-Cervantes adopts by reference the arguments of his co-defendants asserting error in regard to the remarks and argument by the prosecutor, in that they were improper, prejudicial and compromised his rights to due process and trial by jury. The only defendants in this case who briefed on this issue are Wynn and Plasencia-Garcia.
 
 
 38
 The prior panel addressed this issue and held that the comments by the prosecutor did not reach the level of prejudice where they likely influenced the jury and adversely affected the defendant. The panel also held that there was no judicial misconduct. We apply the doctrine of law of the case. The district court did not err in denying the motion for mistrial.
 
 G. JURY INSTRUCTION ON CONSPIRACY
 
 39
 Brahms-Garcia argues that the district court erroneously instructed the jury on the theory of the defense. He adopts by reference the argument set out by Oliveras-Perez. Sanchez-Cervantes adopts by reference the arguments of his co-defendants on this issue.
 
 
 40
 The prior panel addressed Oliveras-Perez and Plasencia-Garcia's argument and held that the district court gave the jury an instruction on the elements of conspiracy from § 8.05B of the Manual of Model Criminal Jury Instructions for the 9th Circuit (1992 ed.). The panel held that the model jury instruction issued by the district court correctly set forth the law and adequately covered the defendant's multiple conspiracy defense. We apply the doctrine of law of the case, especially since Brahms-Garcia and Sanchez-Cervantes rely on the arguments of their co-defendants who appeared before the prior panel. The district court did not erroneously instruct the jury on conspiracy.
 
 
 41
 H. JURY INSTRUCTION ON UNANIMITY AS TO THE OBJECT OF THE CONSPIRACY
 
 
 42
 Brahms-Garcia argues that the court should have given a special unanimity instruction as to the particular drug found as the object of the conspiracy. He adopts by reference the argument set out by Oliveras-Perez. Sanchez-Cervantes adopts by reference the arguments of his co-defendants on this issue.
 
 
 43
 Plasencia-Garcia and Oliveras-Perez argued this issue before the previous panel. The prior panel held that the possibility of jury confusion was not strong enough to warrant a curative instruction. Furthermore, it noted that there was clear evidence presented to the jury as to a single conspiracy. The panel concluded that the trial court did not plainly err when it failed to give a special instruction on juror unanimity as to the object of the conspiracy.
 
 
 44
 We apply the doctrine of law of the case, especially since Brahms-Garcia and Sanchez-Cervantes rely on the arguments of their co-defendants who appeared before the prior panel. The district court did not err in instructing the jury on unanimity as to the object of the conspiracy.
 
 I. SENTENCING AS A MINOR PARTICIPANT
 
 45
 Cisneros-Silva and Castillo-Arvizu argue that they were "minor participants" under U.S.S.G. § 3B1.2, and that the court should have reduced each of their offense levels by two points as a result.
 
 
 46
 Section 3B1.2 of the Sentencing Guidelines provides:
 
 
 47
 § 3B1.2. Mitigating Role
 
 
 48
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 49
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 50
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 51
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 52
 U.S.S.G. § 3B1.2. Application Note 3 to this provision explains that "[f]or purposes of § 3B1.2, a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G.. § 3B1.2 n. 3.
 
 
 53
 We review the trial court's determination that a defendant is not a minor participant for clear error. United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992).
 
 1. Cisneros-Silva
 
 54
 Cisneros-Silva argues that he was merely a courier or distributor who occupied the lowest level in the drug organization. The government points to evidence in the record from which the court could conclude that Cisneros-Silva was not a minor participant: 1) evidence associated with large-scale drug dealing found in his house shared with Oliveras-Perez, including the hydraulic drug press; 2) Cisneros-Silva sold $1,000 worth of methamphetamine in a controlled buy on December 30, 1992; 3) informants Daly and Colburg testified that Cisneros-Silva and Oliveras-Perez sold them each a half-ounce of methamphetamine every other day for three months; 4) at the direction of Plasencia-Garcia, Cisneros-Silva delivered a quantity of pink methamphetamine to Polsfuss.
 
 
 55
 This evidence indicates that Cisneros-Silva was not a minor participant. The district court's findings are supported by the record and are not clearly erroneous.
 
 2. Castillo-Arvizu
 
 56
 Castillo-Arvizu argues that he was merely a courier, collections agent, and interpreter for Plasencia-Garcia, and therefore, the court should have sentenced him as a minor participant. The government points to evidence from the record that support the district court's finding that Castillo-Arvizu was not a minor participant: 1) he delivered pounds of methamphetamine to Polsfuss; 2) acting on authority of Plasencia-Garcia, he negotiated prices; and 3) he collected large sums of money for Plasencia-Garcia. Castillo-Arvizu sold drugs, over many transactions over a period of time. He was extensively involved in the conspiracy. The district court's findings are supported by the record and the court did not clearly err in determining that Castillo-Arvizu was not a minor participant.
 
 J. DRUG QUANTITY CALCULATIONS
 
 57
 Cisneros-Silva argues that the trial court miscalculated the drug quantities attributable to him in determining his sentence. The district court's findings of facts are reviewed for clear error. United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116-17 (9th Cir.1995), cert. denied, 116 S.Ct. 326 (1995). Though we review the court's application of the Guidelines de novo, due deference is given to the sentencing court's applications of the Guidelines to the facts. United States v. Motz, 936 F.2d 1021, 1024 (9th Cir.1991). Under U.S.S.G. § 1B1.3(a)(2), a defendant involved in joint criminal activity is accountable for conduct of others that was both reasonably foreseeable and in furtherance of the joint criminal activity.
 
 
 58
 Cisneros-Silva argues that the district court erred in counting drugs seized at 1081 Joe Wright Road and 79 Lincoln Street. There was significant evidence that linked Cisneros-Silva to Sanchez-Cervantes' drug business. The evidence presented in this case clearly supports the trial court's finding that Cisneros-Silva was accountable under U.S.S.G. § 1B1.3 for the drugs seized at 1081 Joe Wright Road and at 79 Lincoln Street. The court did not err in calculating the drug amount attributable to Cisneros-Silva.
 
 K. ACCEPTANCE OF RESPONSIBILITY
 
 59
 Cisneros-Silva and Castillo-Arvizu argue that the district court erred when it failed to decrease their offense levels by two levels based on acceptance of responsibility, under U.S.S.G. § 3E1.1(a).
 
 1. Cisneros-Silva
 
 60
 Cisneros-Silva makes a constitutional argument here[3], contending that the acceptance of responsibility provision unfairly penalizes him for asserting his right to a trial and is a deprivation of the privilege against self-incrimination and the equal protection clause. In United States v. Gonzalez, 897 F.2d 1018, 1021 (9th Cir.1990), the Ninth Circuit rejected this argument, and held instead that the purpose of that provision is not to punish defendants for exercising their rights, but instead its purpose is to encourage defendants to accept responsibility for their actions at early stages of prosecution. Id. The district court's denial of a reduction for acceptance of responsibility was not clearly erroneous.
 
 2. Castillo-Arvizu
 
 61
 Castillo-Arvizu argues that the district court erred in denying him credit for acceptance of responsibility. The district court's factual findings for acceptance of responsibility are reviewed for clear error. United States v. McKinney, 15 F.3d 849, 852 n. 6 (9th Cir.1994), appeal after remand, 51 F.3d 283 (9th Cir.1995), cert. denied, 116 S.Ct. 162 (1995).
 
 
 62
 Castillo-Arvizu argues that he relied on an entrapment defense, and the sentencing judge may not deny him credit for acceptance of responsibility simply because he chose to take his case to trial. Castillo-Arvizu asserts that the district court erred because when a defendant bases the defense on the theory of entrapment, the court is not permitted to deny him an adjustment for acceptance of responsibility solely because he took the government to trial. He cites United States v. Molina, 934 F.2d 1440 (9th Cir.1991).
 
 
 63
 Castillo-Arvizu misstates Molina. The Molina court held that the defense of entrapment and a reduction for acceptance of responsibility are not necessarily incompatible in all cases. Molina, 934 F.2d at 1451. The court stated: "[t]he sentencing judge must consider all the evidence bearing on the issue of the defendant's contrition--or lack thereof--and decide whether he has made the requisite showing." Id. The district judge considered all of the evidence and did not abuse his discretion in denying a reduction for acceptance of responsibility.
 
 III. CONCLUSION
 
 64
 The convictions of Castillo-Arvizu, Sanchez-Cervantes, Brahms-Garcia, and Cisneros-Silva are AFFIRMED. The sentences of Castillo-Arvizu and Cisneros-Silva are AFFIRMED.
 
 
 65
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Brahms-Garcia adopts by reference the argument set out by Wynn
 
 
 [2]
 Sanchez-Cervantes adopts the arguments of his co-defendants that the district court erred in failing to grant the defense's motion for judgment of acquittal
 
 
 [3]
 Wynn adopted the arguments of Cisneros-Silva. The prior panel addressed this issue