**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Ronald HENRY, Defendant–Appellant.**

No. 88–8590.

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1989.

Pamela I. Perry, Bierman, Shohat & Loewy, P.A., Miami, Fla., for defendant-appellant.

Hinton R. Pierce, U.S. Atty., Savannah, Ga., William H. McAbee, II, Asst. U.S. Atty., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This case presents the question whether the acceptance of responsibility provision, section 3E1.1, of the Sentencing Guidelines[1] violates either the fifth or sixth

---

**1.** Section 3E1.1 provides:

amendment to the Constitution.[2] Appellant contends that section 3E1.1 violates the fifth amendment[3] where, as here, the defendant has testified to his innocence at trial: if he is convicted, he later must in effect confess to perjury to receive a lower sentence; thus, section 3E1.1 penalizes him if he does not confess and, therefore, punishes him for failing to incriminate himself. Appellant contends that the section violates the sixth amendment[4] because a defendant, believing in his innocence but fearing conviction, might reasonably forego taking the stand to take advantage of the acceptance of responsibility provision without subjecting himself to a perjury charge; in this way, appellant says, the section chills the right of a defendant to defend himself.

Section 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights.[5] But "not every burden on the exercise of a constitutional right and not every encouragement to waive such a right is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 219, 99 S.Ct. 492, 493–497, 58 L.Ed.2d 466 (1978). Persons involved in the criminal law process are faced with a variety of choices. Some of the alternatives may lead to unpleasant consequences. For example, to choose to go to trial may result in greater punishment. To take the

> (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
> (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
> (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
>
> Sentencing Guidelines sec. 3E1.1 (1988).

2. Appellant also raised an evidentiary issue; upon review we conclude that the trial judge did not abuse his discretion.

3. "No person shall ... be compelled in any criminal case to be a witness against himself...." U.S. Const. amend. v.

4. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been pre-

stand as a witness in one's case opens the door to possible perjury charges as well as possibly strengthening the prosecution's case. Section 3E1.1 may add to the dilemmas facing criminal defendants, but no good reason exists to believe that 3E1.1 was intended to punish anyone for exercising rights.[6] We are unprepared to equate the possibility of leniency with impermissible punishment. *See Corbitt*, 439 U.S. at 223–24, 99 S.Ct. at 499–500. The purpose of 3E1.1 has been well stated by another court:

> The Commentary to sec. 3E1.1 shows that the acceptance of responsibility guideline is not designed for the purpose of inducing ... involuntary guilty pleas. The inclusion of sec. 3E1.1 marks the recognition of important societal interests on a broader scale. Besides encouraging judicial and law enforcement economy by providing a reduction in some cases where the defendant has entered a guilty plea or made admissions, the guideline recognizes societal interest in the reduction of crime, restitution, early withdrawal from criminal activity, withdrawal of criminals from positions of trust and responsibility, and the increased potential for rehabilitation

viously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence. U.S. Const. amend. vi.

5. To whatever extent the guideline allegedly burdens the rights of perjurers, we note that in *United States v. Grayson*, 438 U.S. 41, 54–55, 98 S.Ct. 2610, 2617–18, 57 L.Ed.2d 582 (1978), the Supreme Court held that there is no constitutional right to commit perjury, and that a sentencing judge constitutionally may take into account his belief that defendant committed perjury at trial.

6. Nothing in section 3E1.1 authorizes enhancement of punishment; it provides only for sentence reduction. Compare *United States v. Laca*, 499 F.2d 922 (5th Cir.1974); *Thomas v. United States*, 368 F.2d 941 (5th Cir.1966) (cases in which defendants were impermissibly punished—that is, had sentences enhanced—for declining to confess guilt).

among those who feel and show true remorse for their anti-social conduct. *United States v. Belgard,* 694 F.Supp. 1488, 1497–98 (D.Or.1988).

Since long before the enactment of the guidelines, American courts have been allowed to take into account the defendant's acceptance of the responsibility for his wrongs as a consideration in sentencing. *See generally United States v. Palmer,* 809 F.2d 1504, 1507 (11th Cir.1987) ("it is not forbidden to extend a proper degree of leniency in return for guilty pleas"); *Hitchcock v. Wainwright,* 770 F.2d 1514, 1519 (11th Cir.1985), *rev'd on other grounds,* 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) ("A judge ... should not be precluded from approving leniency in sentencing upon an admission of guilt."); *King v. Strickland,* 748 F.2d 1462, 1464 (11th Cir. 1984) ("[c]ounsel ... made the strategic choice ... to rely on his client's expression of remorse before a judge who had a tendency to be more lenient toward remorseful defendants"). The state may extend a benefit to a defendant "who demonstrates by his plea that he is ready and willing to admit his crime and to enter the correctional system in a frame of mind that affords hope for success of rehabilitation over a shorter period of time than might otherwise be necessary." *See Brady v. United States,* 397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970).

Section 3E1.1 formalizes and clarifies that tradition of leniency; now, defendants are better warned of the consequences of their choices and are free to choose as they think best. To hold the acceptance of responsibility provision unconstitutional would be to say that defendants who express genuine remorse for their actions can never be rewarded at sentencing. This the Constitution does not require.

AFFIRMED.