[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 19, 2005
**THOMAS K. KAHN**
**CLERK**

No. 04-11597
Non-Argument Calendar

_____

D. C. Docket No. 01-01138-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BRIAN ORSINI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

David Brian Orsini appeals his 70-month prison sentence in connection with

his plea of guilty to one count of attempted possession with intent to distribute 100

kilograms or more of marijuana. Orsini contends that the district court erred when it denied him the benefit of the safety valve provision of the Sentencing Guidelines and plainly erred when it sentenced him under a mandatory Guidelines regime. We conclude that Orsini was not entitled to a reduction in his sentence under the safety valve of section 5C1.2 of the Guidelines, and although the district court erred, under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), when it sentenced Orsini using mandatory Guidelines, that error did not affect Orsini's substantial rights. We affirm.

Orsini, a Connecticut resident, was arrested as part of a sting that disrupted a massive marijuana smuggling operation between Jamaica and Florida. At the time of his arrest, Orsini was purchasing approximately 2000 pounds of marijuana from an informant. Orsini pleaded guilty to one count of the four-count indictment against him. Orsini's plea agreement provided that he would be entitled to a reduction in his sentence, under the safety valve of section 5C1.2, if he provided the government a complete statement of any information he had regarding the course of conduct of which his crime was a part.

Orsini makes two arguments on appeal: first, he contends that the district court erred when it denied the safety valve reduction in his sentence; and second, Orsini contends the district court committed statutory error, under Booker, when it

sentenced him under a mandatory Guidelines regime. We address each argument in turn.

Regarding the decision to deny Orsini safety valve relief, we review the factual findings of the district court for clear error and its legal conclusions de novo. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). To earn a reduction based on the safety valve, Orsini must have "truthfully provided to the [g]overnment all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). Orsini failed to satisfy that condition.

Orsini admits that he did not provide the government information regarding any of his past drug activities in Connecticut, nor did he disclose his plans for distributing in Connecticut the 2000 pounds of marijuana he was buying in Florida. Orsini's distribution plan was information that the government expected Orsini to disclose under section 5C1.2(a)(5). Johnson, 375 F.3d at 1302. Orsini's failure to reveal that information led to the denial of relief under the safety valve, but Orsini argues that this application of section 5C1.2 violated his privilege against self-incrimination under the Fifth Amendment.

Although this Court has not addressed the issue whether section 5C1.2 violates the Fifth Amendment provision against self-incrimination, we have

3

concluded that section 3E1.1, the acceptance of responsibility provision of the Guidelines, does not violate the Fifth Amendment. Untied States v. Henry, 883 F.2d 1010, 1011 (11th Cir. 1989). "Section 3E1.1(a) is not a punishment; rather, the reduction for acceptance of responsibility is a reward for those defendants who express genuine remorse for their criminal conduct." United States v. Carroll, 6 F.3d 735, 740 (11th Cir. 1993). Several of our sister circuits have concluded that the same is true for section 5C1.2. United States v. Cruz, 156 F.3d 366, 374 (2d Cir. 1998); United States v. Warren, 338 F.3d 258, 266 (3d Cir. 2003); United States v. Washman, 128 F.3d 1305, 1307 (9th Cir. 1997); United States v. Arrington, 73 F.3d 144, 149 (7th Cir. 1996). We agree with our sister circuits, and we conclude, based on our previous decisions in Henry and Carroll, that denial of the reward provided by section 5C1.2 did not violate Orsini's rights under the Fifth Amendment.

We next turn to Orsini's Booker argument. Orsini argues that the district court committed statutory error, but he did not preserve this objection in the district court. Our review is for plain error. United States v. Dowling, 403 F.3d 1242, 1245-47 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an

4

appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1247 (internal citations and quotation marks omitted).

Orsini's argument regarding statutory error under Booker fails. Although the district court erred when it sentenced Orsini under a mandatory Guidelines system and, after Booker, that error is plain, United States v. Rodriguez, 398 F.3d 1291, 1298-99 (11th Cir. 2005), Orsini cannot establish that the error made a difference and affected his substantial rights. The district court suggested that Orsini's sentence would have been lower if the safety valve applied, but even under that condition, the district court explained that it would have sentenced Orsini to approximately the same term of imprisonment. Nothing in the record suggests that the district court would have entered a more lenient sentence under an advisory Guidelines system. Id. at 1301; United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005).

**AFFIRMED.**