[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2007
THOMAS K. KAHN
CLERK

No. 07-12251
Non-Argument Calendar
_____

D. C. Docket No. 06-00106-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRUS LAMONT ADDISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 8, 2007)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Tyrus Lamont Addison appeals his 60-month sentence for possession of a

firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Addison argues that the district court's application of an obstruction-of-justice enhancement, pursuant to U.S.S.G. § 3C1.1, and the denial of an acceptance-of-responsibility reduction, pursuant to U.S.S.G. § 3E1.1, (1) violated his Fifth Amendment privilege against self-incrimination by effectively requiring him to admit his guilt for another crime and (2) violated his Fourteenth Amendment right to due process by effectively punishing him for a crime without affording the procedural safeguards of indictment, arraignment, or trial. For the reasons discussed below, we affirm.

At Addison's change-of-plea hearing, the government proffered the following facts. Federal officials arrested Addison on the firearm possession charge after state officials notified them that Addison had threatened a 17-year-old girl with a firearm and that state police had found a loaded firearm in Addison's car when they stopped him to investigate the girl's report. In response to the government's proffered facts, Addison admitted that he was a convicted felon and had possessed a firearm and ammunition, but stated that he had not pointed the firearm at, and did not know, the 17-year-old girl.

In preparing a presentence investigation report, the probation officer applied a 2-level obstruction-of-justice enhancement, pursuant to § 3C1.1, and declined to

2

apply a 2-level acceptance-of-responsibility reduction, pursuant to § 3E1.1(a), on the grounds that Addison had perjured himself at his change-of-plea hearing by falsely denying his conduct toward the 17-year-old girl. In response, Addison argued that the probation officer's position effectively required him to waive his right against self-incrimination and admit a crime, namely, aggravated assault, that he denied committing and with which he had not been charged.[1] The district court notified Addison and the government that they should be prepared to offer further evidence at sentencing as to Addison's alleged conduct toward the girl.

Accordingly, at the sentencing hearing, the 17-year-old girl and her mother testified. The girl stated that she knew Addison because his brother was the father of her sister's child. She also stated that she had met Addison when she was 13, when he had asked her for her phone number and she had refused. She then explained that, as she was walking home one day, Addison approached her in his car and accused her of telling his then-girlfriend that Addison and she had dated. She explained that Addison called her "the B word," tried to run over her with his car, and then pulled out a firearm and said "I'll kill you, I'll kill you." Addison

---

[1] The probation officer also had applied a 4-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6), because Addison possessed the firearm in connection with committing the felony offense of aggravated assault. It is notable that Addison did not object to receiving this enhancement before the district court, nor does he raise it on appeal. It also is notable that Addison did not argue that he did not commit perjury at his change-of-plea hearing before the district court or on appeal.

cross-examined the 17-year-old girl on this testimony. The girl's mother stated that, after her daughter reported the incident to her, she followed Addison and saw him exit his car with a firearm. Based on this testimony the district court adopted the probation officer's calculations.

We review questions of constitutional law de novo. United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005).

A. Fifth Amendment

The Fifth Amendment to the United States Constitution provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Supreme Court has held, however, that "neither the text nor the spirit of the Fifth Amendment confers a privilege to lie" and that "[p]roper invocation of the Fifth Amendment privilege against compulsory self-incrimination allows a witness to remain silent, but not to swear falsely." Brogan v. United States, 522 U.S. 398, 404, 118 S.Ct. 805, 810, 139 L.Ed.2d 830 (1998) (quotation omitted).

Pursuant to § 3C1.1, a district court may apply a two-level obstruction-of-justice enhancement to a defendant's base offense level if the defendant willfully obstructs the investigation, prosecution, or sentencing of his offense of conviction, in a manner related to his offense of conviction, relevant conduct, or a closely

4

related offense. The commentary to § 3C1.1 provides a non-exhaustive list of conduct to which the enhancement might apply, including perjury and "providing materially false information to a judge or magistrate." U.S.S.G. § 3C1.1, comment. (n.4(b) and (f)). The commentary to § 3C1.1 cautions, however, that the provision "is not intended to punish a defendant for the exercise of a constitutional right" and, therefore, does not apply to "[a] defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty." U.S.S.G. § 3C1.1, comment. (n.2). However, there is no constitutional right to commit perjury, and when sentencing a defendant, the court constitutionally may take into account its conclusion that the defendant committed perjury at trial. United States v. Grayson, 438 U.S. 41, 54-55, 98 S.Ct. 2610, 2617-18, 57 L.Ed.2d 582 (1978).

Pursuant to § 3E1.1(a), a district court can reduce a defendant's base offense level by two levels if the defendant demonstrates acceptance of responsibility for his offense. In United States v. Henry, 883 F.2d 1010, 1011-12 (11th Cir. 1989), this court held that § 3E1.1 was not unconstitutional with regard to the Fifth Amendment right against self-incrimination because the provision was not intended to punish defendants.

After a thorough review of the record, we conclude that the district court

properly sentenced Addison. First, the application of an obstruction-of-justice enhancement did not violate Addison's privilege against self-incrimination because Addison's statements at the change-of-plea hearing constituted a false denial of guilt under oath, rather than a mere refusal to admit guilt. See U.S.S.G. § 3C1.1 comment. (n.2). Moreover, Addison had no right to lie under oath, and the sentencing court properly considered such perjury at sentencing. See Grayson, 438 U.S. at 54-55.

Second, the refusal to apply an acceptance-of-responsibility reduction did not violate Addison's privilege against self-incrimination because it did not impose further punishment. See Henry, 883 F.2d at 1011-12.

B. Fourteenth Amendment

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. XIV. Specifically, "due process assures the defendant he will be given adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty." United States v. Satterfield, 743 F.2d 827, 840 (11th Cir. 1984).

Here, we conclude that the district court did not violate Addison's right to due process. The district court put both Addison and government on notice of the need for further evidence regarding the girl's contentions, gave Addison the

6

opportunity to cross-examine her and her mother, and gave Addison the opportunity to present his own evidence regarding the incident.  Thus, there was no constitutional error.

For the foregoing reasons, we AFFIRM.