[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2008
THOMAS K. KAHN
CLERK

No. 07-13733
Non-Argument Calendar
_____

D. C. Docket No. 07-20125-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNSO ALMONOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2008)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Ernso Almonor appeals his sentence of 188 months' imprisonment for

conspiracy to import cocaine in an amount of 5 kilograms or more, 21 U.S.C.

§ 963 (Count One), importation of cocaine in an amount of 5 kilograms or more,

21 U.S.C. § 952(a) (Count Two), conspiracy to possess with intent to distribute

cocaine in an amount of 5 kilograms or more, 21 U.S.C. § 846 (Count Three), and

possession with intent to distribute cocaine in an amount of 5 kilograms or more,

21 U.S.C. § 841(a)(1) (Count Four).

On appeal, Almonor argues that his sentence was procedurally unreasonable[1] because the district court (1) viewed the Guidelines as mandatory, or, at least presumptively reasonable; and (2) did not properly consider the § 3553 factors or adequately explain its reasons for choosing the sentence. Almonor argues that the district court's failure to adequately consider § 3553(a)(6), the need to avoid unwarranted sentencing disparities between defendants with similar records who have been convicted of similar conduct, is manifested by the fact that he received a harsher sentence than his co-conspirator, Erla Occeus, who played a more significant role in the offense.

Almonor further argues, for the first time on appeal, that the district court's view of Almonor and Occeus's roles as comparable is not entitled to deference

---

[1]Almonor frames the issue as one of procedural and substantive reasonableness; however, the issue has been restated here because his arguments pertain to the procedures used to impose the sentence, and not the reasonableness of the total sentence.

because the district court drew an "adverse inference" from Almonor's exercise of his Fifth Amendment privilege at trial and at sentencing. Almonor also argues, for the first time on appeal, that, to the extent the district court's findings regarding relative culpability were based on information it learned at the sentencing of his co-conspirator, those findings violate the Sixth Amendment Confrontation Clause, as Almonor was not present at Occeus's sentencing. He argues that, to the extent the district court found that his acts of arranging for transportation payments, picking up the shipment, and participating in the delivery were done without being directed to do so by Occeus, the district court clearly erred because the evidence adduced at trial showed that Occeus directed these acts.

Having reviewed the record and considered the briefs of the parties, we find no reversible error. First, Almonor's argument that the district court treated the Guidelines as presumptively reasonable is not supported by the record. The district court, after considering the PSI, objections to it, Almonor's sentencing memo, and the parties' arguments at sentencing, explicitly stated that, in considering the § 3553(a) factors, it did not see anything warranting a sentence below the advisory Guidelines range. Thus, the record reflects that the district court did not apply a presumption of reasonableness to the Guidelines. Moreover, the district court's imposition of a sentence within the Guidelines range does not mean the court gave

3

undue weight to the Guidelines, as it is within the discretion of the district court to determine the weight it wishes to give to the Guidelines, so long as the court considers the remaining § 3553(a) factors. United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006).

The record likewise refutes Almonor's argument that his sentence is procedurally unreasonable because the district court did not adequately consider the § 3553(a) factors. The district court considered the nature and circumstances of the offense when it noted that Almonor had arranged for transportation payments, picked up the cocaine, participated in the delivery, unloaded the cocaine, and called the owner of the cocaine, 18 U.S.C. § 3553(a)(1). The district court considered Almonor's history and characteristics when it noted that he made "demonstratively false statements" to authorities, 18 U.S.C. § 3553(a)(1). Additionally, the district court stated that it decided that a sentence below the Guidelines range was not warranted based on the § 3553(a) factors, and that a sentence of 188 months' imprisonment was reasonable in light of the seriousness of the crime and Almonor's participation in it.

Moreover, it was not unreasonable for the court to impose the sentence which differed from that imposed on his co-defendant, Occeus. First, Almonor and Occeus were not convicted of the same conduct. Occeus was adjudicated guilty,

4

pursuant to a plea agreement, of only one count of possession with intent to distribute five kilograms for more of cocaine, in violation of 21 U.S.C. § 841(a). Almonor was convicted at trial of conspiracy to import cocaine in an amount of 5 kilograms or more, 21 U.S.C. § 963 (Count One), importation of cocaine in an amount of 5 kilograms or more, 21 U.S.C. § 952(a) (Count Two), conspiracy to possess with intent to distribute cocaine in an amount of 5 kilograms or more, 21 U.S.C. § 846 (Count Three), and possession with intent to distribute cocaine in an amount of 5 kilograms or more, 21 U.S.C. § 841(a)(1) (Count Four). Thus, although their conduct was similar, Almonor was found guilty of far more conduct than Occeus. See 18 U.S.C. § 3553(a)(6) (providing that the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.") (emphasis added).

Additionally, the district court noted that the only statements Almonor provided to law enforcement were "demonstratively false," and it was proper for the district court to consider this under § 3553(a)(1), as it goes to "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court noted that the difference between Almonor's and Occeus's sentences was due to the different decisions Occeus had made throughout the case and her cooperation with the government, for which she received safety-valve relief.

5

Almonor's argument on appeal that his sentence is unreasonable because it was based on facts found in violation of his Fifth and Sixth Amendment rights is misplaced. As an initial matter, Almonor did not raise these objections below and, therefore, this Court's review of these issues is for plain error only. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We do not find plain error. Almonor's argument based on the Sixth Amendment's Confrontation Clause, that the district court determined his relative culpability based on what was learned at Occeus's sentencing, is without merit, as "[t]he right to confrontation is not a sentencing right." United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005). Accordingly, Almonor has not demonstrated any error based on his Sixth Amendment right to confront witnesses.

Almonor's argument based on the Fifth Amendment, that the district court drew a factual inference against him based on his silence, is also misplaced. The Fifth Amendment provides, inter alia, that no person "shall be compelled in any criminal case to be a witness against himself." The Supreme Court has held that, the Fifth Amendment right against compelled self-incrimination applies at sentencing so that no negative factual inference may be drawn at sentencing from a defendant's choice to remain silent with respect to the circumstances and details of the crime. Mitchell v. United States, 526 U.S. 314, 328, 119 S.Ct. 1307, 1315, 143

L.Ed.2d 424 (1999) (regarding the amount of drugs attributable to the defendant). The Court explained that the holding was based on the government having the burden at sentencing with respect to the facts it sought to establish with the defendant's silence, but it explicitly expressed no view as to whether a defendant's silence could bear upon determinations such as acceptance of responsibility for a downward adjustment under U.S.S.G. § 3E1.1. Id. at 330, 119 S.Ct. at 1316. Further, this Court, in United States v. Henry, 883 F.2d 1010, 1011 n.6 (11th Cir. 1989), stated that "[n]othing in section 3E1.1 authorizes enhancement of punishment; it provides only for sentence reduction." Because it is not clear whether the Fifth Amendment's right against compelled self-incrimination applies at all where, as here, the district court is determining whether to grant a sentence reduction, as opposed to an enhancement, Almonor cannot show plain error. See Straub, 508 F.3d at 1008 (stating that an error must be clear or obvious for it to be plain). The record, moreover, does not show that the district court made adverse factual findings based on Almonor's silence. The first statement with which Almonor takes issue on appeal was a question the court posed to Almonor's attorney at sentencing during a discussion of safety-valve relief. The court asked why Almonor had not given a statement to the government after going to trial and asked whether there was at least the implication that he did not give a statement in

7

order to protect the people for whom he had been working. Almonor responded, through counsel, that he did not have information to give the government, except what had come out during his trial. (Id. at 7). Thus, it appears that the district court was merely inquiring as to why Almonor had not availed himself of the opportunity to receive safety-valve relief.

The second statement that Almonor proffers as support for his contention that the court violated his Fifth Amendment rights, is that, in finding that Almonor had not met his burden of showing that he was entitled to a minor role, the court noted that Almonor had not given any indication as to his role in the offense. The district court was not resolving facts against Almonor, but was resolving a legal issue against him, whether he was entitled to a minor role, based on his failure to carry his burden of showing that he was deserving of a minor role. The district court found that there was no evidence, including a statement from Almonor regarding his role, from which it could conclude that Almonor was entitled to a minor-role. Accordingly, Almonor has failed to establish plain error based on the Fifth Amendment.

In short, the record in this case supports the sentence imposed by the district court.

**AFFIRMED**