[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11865
Non-Argument Calendar

_____

D.C. Docket No. 1:97-cr-00923-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PIERRE ANDRE COVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2012)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Pierre Andre Cover, proceeding pro se, appeals the district court's denial of

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which was

based on Amendment 599 to the Sentencing Guidelines.

Cover previously filed a motion in 2001 seeking this same relief, but the district court denied that motion. At that time, the district court determined that Cover was eligible for a sentence reduction under § 3582(c)(2) because Amendment 599 was retroactively applicable and had the actual effect of lowering his guideline range from 211–248 months of imprisonment to 138–157 months of imprisonment.[1]  But, after considering the 18 U.S.C. § 3553(a) factors, the district court declined to exercise its discretion to reduce Cover's sentence. The court specifically emphasized that Cover had not assisted the government in identifying other participants in the underlying offense. The court found that Cover "never evinced true remorse."

In the course of later appeals, different panels of this Court affirmed the substance of this ruling, holding that it was not an abuse of discretion for the district court to deny relief. And, in rejecting Cover's latest motion for a sentence reduction, the district court concluded that there was no reason for it to reconsider

---

[1] Amendment 599 clarified the applicability of weapon enhancements for defendants sentenced under 18 U.S.C. § 924(c). See U.S.S.G. Supp. to App. C at 68–69 (2000). Specifically, the amendment "rejected the interpretation of the sentencing guidelines [that was] previously followed by this circuit," United States v. Le, 256 F.3d 1229, 1239 (11th Cir. 2001), and which led to a six-level enhancement in Cover's offense level, see United States v. Cover, 199 F.3d 1270, 1277–78 (11th Cir. 2000).

its prior analysis.  On appeal, Cover urges us to set aside this decision.

Specifically, he argues that the Supreme Court's intervening decisions in Dillon v.

United States, 560 U.S. ___, 130 S. Ct. 2683 (2010), and Freeman v. United

States, 564 U.S. ___, 131 S. Ct. 2685 (2011), have undermined the district court's

2001 ruling.  Cover also asserts that the district court's reliance on the fact that he

had chosen not to identify other participants in his offense was improper because it

infringed upon his Fifth Amendment privilege against self-incrimination.

We review a district court's decision whether to reduce a sentence pursuant

to § 3582(c)(2) for abuse of discretion.  See United States v. Webb, 565 F.3d 789,

792 (11th Cir. 2009).  However, we review de novo the legal conclusions the

district court makes in ruling on such a motion.  Id.

Section 3582(c)(2) provides that a district court may reduce a defendant's

term of imprisonment if a defendant was sentenced based on a sentencing range

that was subsequently lowered by an amendment to the guidelines.  18 U.S.C.

§ 3582(c)(2).  Any reduction, however, must be consistent with the policy

statement issued by the Sentencing Commission regarding this kind of relief,

U.S.S.G. § 1B1.10 (2011).  18 U.S.C. § 3582(c)(2).  Under these provisions, a

district court undertakes a two-step process for ruling on a motion for a sentence

reduction.  See Dillon, 130 S. Ct. at 2691.  First, the district court must determine

3

the guideline range that would have applied to the defendant had the amendment to the guidelines been in effect at the time of the defendant's sentencing. See id. Second, if the amendment has the effect of lowering the defendant's guideline range, then the court must decide whether to exercise its discretion to reduce the defendant's sentence by considering the § 3553(a) factors. See id. at 2691–92.

As set out above, the district court held at step one that Cover was eligible for a sentence reduction because Amendment 599 was retroactively applicable and had the effect of lowering his guideline range. But, at step two, the district court concluded that a sentence reduction was not warranted in light of the § 3553(a) factors. With this background in mind, we turn to the arguments that Cover raises in this appeal.

First, Cover asserts that the Supreme Court's decisions in Dillon and Freeman require reconsideration of the district court's 2001 ruling. We are not persuaded by this argument. The specific question that the Supreme Court considered in Dillon was whether its decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), rendered the Sentencing Commission's policy statement on sentence reductions under § 3582(c)(2) advisory. See Dillon, 130 S. Ct. at 2687. The Supreme Court held that it did not. See id. This holding simply does not indicate that the district court in this case abused its discretion in

4

considering the § 3553(a) factors at step two of the inquiry.  If anything, Dillon affirms the framework that the district court applied, including the principle that, at step two, it is "in [the] discretion" of the district court to determine whether a reduction is ultimately warranted.  Id. at 2692.

Neither does Freeman change the picture.  The question presented in that case was whether a defendant who, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), enters into a plea agreement that recommends a particular sentence is eligible for a sentence reduction under § 3582(c)(2).  See Freeman, 131 S. Ct. at 2689 (plurality opinion).  In her controlling concurrence,[2] Justice Sotomayor concluded that such a defendant is eligible for relief, but only if the sentencing recommendation in the 11(c)(1)(C) plea agreement itself was expressly made on the basis of a guideline range.  See id. at 2695 (Sotomayor, J., concurring in the judgment).  This holding has no bearing here.  Cover pleaded guilty without entering into a plea agreement, let alone one pursuant to Rule 11(c)(1)(C).  See United States v. Cover, 199 F.3d 1270, 1273 (11th Cir. 2000).  Also, the district court held at step one that Cover was eligible for a reduction.  It simply decided

---

[2] See Marks v. United States, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (quotation marks omitted)).

not to exercise its discretion to grant relief at step two.

Finally, Cover asserts that, by relying on the fact that he had chosen not to identify other participants in the underlying offense to deny his request for a sentence reduction, the district court impermissibly infringed upon his Fifth Amendment privilege against self-incrimination. The weight of our precedent requires us to reject this argument.

We have previously dismissed a Fifth Amendment challenge to the provision of the Sentencing Guidelines that authorizes a reduction in a defendant's offense level based on the defendant's acceptance of responsibility, U.S.S.G. § 3E1.1 (2011). See United States v. Carroll, 6 F.3d 735, 739–40 (11th Cir. 1993); United States v. Henry, 883 F.2d 1010, 1010–12 (11th Cir. 1989). Specifically, we held that "conditioning sentence reductions on a defendant's acceptance of responsibility does not violate the Fifth Amendment," even though this may mean that a defendant who chooses to remain silent may face a longer sentence. Carroll, 6 F.3d at 739. The reason for this, we said, is that the acceptance of responsibility provision "is not a punishment." Id. at 740. Instead, "it provides only for [a] sentence reduction" and thus is best understood as a "benefit," one that reflects a "tradition of leniency" toward defendants who show remorse. Henry, 883 F.2d at 1011 n.6, 1012. This being the case, we concluded that the denial of a reduction

6

in the offense level of a defendant who chooses to remain silent does not amount to a penalty for the exercise of that right.  See id. at 1011–12; see also Carroll, 6 F.3d at 739–40.

This reasoning applies with equal—if not, greater—force to sentence reductions pursuant to § 3582(c)(2).  The Supreme Court has observed that sentence reductions under this statutory provision "are not constitutionally compelled."  Dillon, 130 S. Ct. at 2692.  "Rather, § 3582(c)(2) represents a congressional act of lenity."  Id.  The statute offers "prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines," one that would otherwise be simply unavailable because of the rule of finality.  Id.  Given that a sentence reduction under § 3582(c)(2) is thus a benefit, its denial—under our precedent—cannot be said to amount to a penalty.  See Carroll, 6 F.3d at 739–40; see also Henry, 883 F.2d at 1011 (declining to "equate the possibility of leniency with impermissible punishment").  From this, it follows that a district court's decision to deny a sentence reduction under § 3582(c)(2) in light of a defendant's decision to remain silent does not infringe upon the exercise of that Fifth Amendment right.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**

7