[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11070
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20476-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RACIEL LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 19, 2018)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Raciel Leon appeals his sentence of 126 months of imprisonment for conspiring to defraud Medicare and to commit wire fraud, 18 U.S.C. §§ 1349, 1347, 1343, and for conspiring to defraud the United States by paying and receiving kickbacks connected to Medicare, *id.* § 371; 42 U.S.C. § 1320a-7b(b). Leon challenges the substantive reasonableness of his within-guidelines sentence and the enhancement of his sentence for obstruction of justice. We affirm.

The district court did not abuse its discretion when it sentenced Leon to 126 months of imprisonment. Leon's presentence investigation report provided a recommended sentencing range of 121 to 151 months for his role in a conspiracy that caused health care agencies to submit fraudulent invoices and prescriptions to Medicare for services that were medically unnecessary or were not provided and that caused a loss of more than $2.5 million. Leon used his billing company to distribute the unlawfully obtained proceeds between himself and his cohorts who forged prescriptions and recruited patients, and he trained coconspirators how to produce fraudulent invoices and to record kickbacks that they paid. Leon argues there is an unwarranted disparity between his sentence and that of two coconspirators who received sentences of 70 and 90 months, but Leon was not similarly situated to his coconspirators who pleaded guilty and cooperated with the government by testifying at Leon's trial. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). Leon's sentence, which is well below his statutory

maximum penalty of 240 months of imprisonment, is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Leon argues, for the first time, that the reduction of his coconspirators' sentences for their acceptance of responsibility violates his right against self-incrimination under the Fifth Amendment and his right to a public trial under the Sixth Amendment, but he is not entitled to relief under plain error review. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Leon cites no precedent establishing that the guideline allowing a reduction for acceptance of responsibility, United States Sentencing Guidelines Manual § 3E1.1 (Nov. 2016), is unconstitutional. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Our precedent holds that the reduction for acceptance of responsibility is not designed to induce defendants to plead guilty but instead grants leniency to defendants who express genuine contrition for their crimes. *See United States v. Henry*, 883 F.2d 1010, 1011–12 (11th Cir. 1989); *United States v. Jones*, 934 F.2d 1199, 1200 (11th Cir. 1991). Leon's choice to go to trial did not result in an increased penalty; instead, he was denied the benefit of having his sentence reduced as a reward for accepting "responsibility for his wrongs," *Henry*, 883 F.2d at 1012.

Leon forfeited the opportunity to object to the enhancement of his sentence for obstruction of justice, U.S.S.G. § 3C1.1, so we review that ruling for plain error

3

only. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009). An addendum to Leon's presentence report and the revised report stated that the government had objected to the original report and requested an enhancement for obstruction based on Leon's destruction of evidence. Although Leon filed a written objection four days later, he failed to address the addendum or the objection of the government. Leon also failed to respond to a memorandum that the government filed before sentencing or to its argument during the sentencing hearing to increase Leon's sentence based on his obstruction. At sentencing, when asked if he had "any additional objections" or if he objected "to any of the findings of fact or conclusions of law," Leon responded, "No, sir."

The district court did not plainly err by applying the enhancement for obstruction of justice. Leon failed to object to, and is deemed to have admitted, the facts in his revised presentence report that he "maintained a log book, which he used to track illegal kickbacks" and "burned this kickback log" when he knew "Medicare was suspicious of [one of the health care agencies] and had put it under 'review'/audit" and while the government was investigating two of the agencies. *See Beckles*, 565 F.3d at 844. A defendant is subject to a two-point increase in his base offense level if he "willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant

4

offense of conviction." U.S.S.G. § 3C1.1. And the record supports the finding of the district court that "the testimony [of coconspirators] and evidence presented at trial" established that Leon "destroyed the kickback log," which "clearly obstructed the government's investigation of [him] and of the overall criminal activity."

We **AFFIRM** Leon's sentence.